DLD-043                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3891
_____

GREGORY T. REDMOND,
                                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
MONTGOMERY COUNTY;
JUDGE VALENTINE, District Judge

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-06062)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: December 5, 2011)
_____

OPINION
_____

PER CURIAM

        Gregory T. Redmond appeals from the District Court's dismissal of his complaint.

For the following reasons, we will summarily affirm.

Redmond filed a pro se complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, Montgomery County, and Magisterial District Judge Kathleen Valentine. He contended that Judge Valentine deprived him of due process and his right to free speech by ruling against him – allegedly based on ex parte communications – in a case that he filed against Blue Ribbon Cleaners. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) because Redmond's claims against the Commonwealth were barred by the Eleventh Amendment, Judge Valentine was absolutely immune from suit, and Redmond failed to allege facts that would support municipal liability against Montgomery County. Redmond timely appealed.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We agree with the District Court that neither the Commonwealth nor Judge Valentine is subject to liability in this case. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section

2

1983 for monetary damages arising from their judicial acts.").[1] We also agree that Redmond failed to state a claim against Montgomery County because he did not allege that the constitutional violations of which he complains stemmed from an official policy or custom of the county. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). Although district courts should generally provide a pro se plaintiff with an opportunity to amend his complaint, Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), any amendment in this case would have been futile because it is apparent from Redmond's filings that he seeks to impose respondeat superior liability on Montgomery County. Monell, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

As Redmond's appeal presents no substantial question, we will summarily affirm the District Court's order dismissing his complaint.

---

[1] Although a judge will be subject to liability under § 1983 when "he has acted in the clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotations omitted), reliance on ex parte communications does not, contrary to Redmond's apparent belief, divest a court of jurisdiction. Gallas, 211 F.3d at 769-770.